UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| JACKSON FINANCIAL SERVICES, LLC, | ) ) ) | |
| Plaintiff, | ) ) ) | CIVIL ACTION |
| v. | ) ) | NO. 13-11739-GAO |
| ALBERT D. MASON, ALBERT D. MASON, INC. d/b/a MASON CAPITAL PARTNERS and CT MASON INC., d/b/a MASON CAPITAL PARTNERS, | ) ) ) ) ) ) ) | |
| Defendants. | ) | |

# SCHEDULING ORDER AND ORDER ON PENDING MOTIONS

This matter is before the court on (1) "Plaintiff's Motion for Leave to Amend Complaint" (Docket No. 53), (2) the parties' "Joint Motion to Modify Scheduling Order" (Docket No. 57), and (3) "Plaintiff's Motion for Leave to File Reply Brief" (Docket No. 63). After consideration of the parties' written submissions and their oral arguments, it is hereby ORDERED as follows:

1. The plaintiff's motion to for leave to file a reply in support of its motion to amend (Docket No. 63) is ALLOWED. This court has considered the arguments set forth the proposed Reply Brief in connection with its ruling on the motion to amend.

2. The plaintiff's motion for leave to amend the complaint in order to add claims for breach of the implied covenant of good faith and fair dealing and for violation

of Mass. Gen. Laws ch. 93A (Docket No. 53) is ALLOWED.  Pursuant to the liberal amendment policy underlying Rule 15 of the Federal Rules of Civil Procedure, leave to amend "is freely given when justice so requires absent an adequate basis to deny amendment such as futility, bad faith, undue delay or a dilatory motive."  Transwitch Corp. v. Galazar Networks, Inc., 377 F. Supp. 2d 284, 290 (D. Mass. 2005) (quotations and citations omitted).  This court finds that the defendants have failed to present an adequate basis for denying the plaintiff's motion to amend in this case.

This court finds, as an initial matter, that the plaintiff's proposed amendment will not cause undue delay in the resolution of this case.  While the proposed amendment seeks to add new legal claims, it will do little if anything to alter the factual circumstances presented in this case.  Moreover, discovery is ongoing, and the parties have indicated that the proposed amendments will not interfere with their ability to comply with the agreed upon deadlines set forth in their joint motion to modify the scheduling order.  Finally, there is no indication that the proposed amendments will create a need to reopen any of the discovery that has already been completed.  In short, the plaintiff's motion will have no impact on the timely resolution of the pending litigation.

This court also finds that the plaintiff's proposed amendment would not be futile.  The essence of the plaintiff's allegations in this case is that the defendants engaged in deceptive and bad faith conduct by manipulating client accounts in order to deprive the plaintiff of referral fees to which the plaintiff was entitled under the terms of the parties'

contractual agreement. Such allegations are more than adequate to support claims for breach of the implied covenant of good faith and fair dealing and violation of Mass. Gen. Laws ch. 93A. See Mass. Eye & Ear Infirmary v. QLT Phototherapeutics, Inc., 552 F.3d 47, 69 (1st Cir. 2009) (finding that defendant's unfair, dishonest and unscrupulous conduct was sufficient to state a claim for relief under Mass. Gen. Law ch. 93A); Accusoft v. Palo, 237 F.3d 31, 45 (1st Cir. 2001) ("The implied covenant of good faith and fair dealing between parties to a contract provides that neither party shall do anything that will have the effect of destroying or injuring the right of the other party to receive the fruits of the contract" (quotations and citations omitted)). Therefore, justice requires that the plaintiff's motion to amend be allowed.

3. The parties' motion to modify the scheduling order (Docket No. 57) is ALLOWED. The parties shall comply with the following agreed upon deadlines:

a. The parties shall complete all remaining fact discovery by **June 30, 2015**.

b. The plaintiff shall complete any expert disclosures, pursuant to Fed. R. Civ. P. 26(a)(2), by **July 30, 3015**.

c. The defendants shall complete any expert disclosures, pursuant to Fed. R. Civ. P. 26(a)(2), by **August 31, 2015**.

d. Any rebuttal expert disclosures shall be completed by **September 15, 2015**.

e. Any expert witness depositions shall be completed by **October 30, 2015**.

f. The parties shall file any motions for summary judgment by

**November 30, 2015**.

      g.      Any concise statement of material facts that is filed pursuant to Local Rule 56.1 in opposition to a motion for summary judgment shall include numbered paragraphs admitting or denying, paragraph by paragraph, the facts contained in the moving party's concise statement of material facts.

4.      The next status conference will take place on **June 15, 2015 at 11:00 a.m.** in Courtroom #15 on the 5th floor. However, the parties shall inform the court if they prefer that the status conference be conducted by telephone. At the conference, the parties shall be prepared to discuss:

      (i)      the status of the case;
      (ii)      scheduling for the remainder of the case through trial:
      (iii)      the use of alternative dispute resolution ("ADR") programs; and
      (iv)      consent to trial before the Magistrate Judge.

5.      The parties shall submit a brief joint statement no later than five (5) business days before the conference addressing the issues itemized in paragraph 4 above. With respect to the use of ADR and having the matter tried by a Magistrate Judge, the parties shall indicate whether an agreement has been reached, but shall not identify their respective positions.

                                                                / s / Judith Gail Dein
                                                               Judith Gail Dein
DATED: April 10, 2015                       United States Magistrate Judge