UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 13-11739-GAO

JACKSON FINANCIAL SERVICES, LLC,
Plaintiff,

v.

CT MASON, INC. d/b/a/ MASON CAPITAL PARTNERS,
Defendant.

ORDER
March 10, 2017

O'TOOLE, D.J.

The plaintiff's claims in this case all center on the allegation that the defendant, CT Mason, Inc. d/b/a Mason Capital Partners ("CTM") wrongfully ceased paying client referral fees to it, Jackson Financial Services, LLC ("JFS"), in breach of the parties' contract. This case was referred to a magistrate judge for full pretrial management. The parties cross-moved for summary judgment, and CTM moved to amend its answer to add two affirmative defenses. The magistrate judge issued two Reports and Recommendations ("R&Rs"), the first (dkt. no. 151) recommending that the defendant's motion to amend be denied, and the second (dkt. no. 152) recommending that both motions for summary judgment be denied. The defendant filed objections to both R&Rs.

The original complaint (dkt. no. 1) contained a single count for breach of contract. It alleged that in 1991, Albert D. Mason and Jackson Financial Co., Inc. ("Jackson Financial") (a different entity from the present plaintiff) entered into a written "Investment Advisor Referral Agreement," pursuant to which Mason, an individual, agreed to pay Jackson Financial a referral fee for each investment client that Jackson Financial referred to Mason. The complaint alleged that in 2004 the Referral Agreement was assigned by Jackson Financial to the present plaintiff, JFS, pursuant to a

written "Acknowledgement and Consent Agreement," executed by "the defendants." It further alleged a breach of that agreement by "the defendants," identified by the complaint as Mason, Albert D. Mason, Inc. d/b/a Mason Capital Partners, and CT Mason, Inc. d/b/a Mason Capital Partners. The plaintiff later moved to amend the complaint by adding additional counts for breach of the implied covenant of good faith and fair dealing and violation of Massachusetts General Laws Chapter 93A. The new claims were "based on the very same overall nucleus of facts" as the original breach of contract claim. (See Mem. of Law in Supp. of Pl.'s Mot. for Leave to Amend Compl. at 3 (dkt. no. 54).)[1]

At some point, the plaintiff settled with Mason and Albert D. Mason, Inc., leaving CTM as the only defendant in this action.

It is undisputed that CTM did not execute either written agreement. Indeed, CTM was not in existence at the time the agreements were executed, having been incorporated in 2006. Nor is there any allegation that thereafter CTM executed any writing purporting to bind it to the terms of the Referral or Consent Agreements. If, therefore, the amended complaint is construed as pleading *only* breach of the written agreements, a claim against CTM for liability under an express written contract (as the amended complaint seems plainly to allege) cannot succeed, and CTM would be entitled to summary judgment on that claim, as well as on the related claims that are dependent on the contract claim.

Arguably, however, the amended complaint might instead be construed, as the magistrate judge found, to plead against CTM breach of an implied-in-fact contract entered into by the parties

---

[1] The plaintiff asserted, "Through the addition of its claims for breach of good faith and fair dealing and its chapter 93A claim, plaintiff is merely adding allegations of a bad faith motive to its original breach of contract action." Id.

through the course of their conduct.[2] If it were to be so construed, I disagree with the magistrate judge's denial of the motion to amend the answer to add affirmative defenses that are pertinent only to an unwritten contract. I do not think it fair to fault CTM for having omitted to plead affirmative defenses that would not pertain to a claim of breach of an express written contract, which is what the amended complaint read plainly appears to set forth. CTM says it would, if permitted, assert the affirmative defense that the implied "implied contract" is unenforceable pursuant to a specific statute of frauds, Massachusetts General Laws Chapter 259, Section 7. Under Section 7, which applies "to a contract implied in fact or in law to pay reasonable compensation," "[a]ny agreement to pay compensation for service as a broker or finder . . . shall be void and unenforceable unless such agreement is in writing, signed by the party to be charged therewith, or by some other person authorized." Mass. Gen. Laws ch. 259, § 7.

The contract alleged in the amended complaint is that CTM agreed to pay the plaintiff a fee for each client the plaintiff referred to CTM. At least at first blush, such a contract appears to fall within the scope of the statute. There has been no argument (yet, at least) that there is a writing signed by CTM that could satisfy the statute.[3] Because the defense has not been formally asserted, the plaintiff has not responded to the defendant's arguments on this point. Accordingly, the Court invites the plaintiff to show why, on the present summary judgment record, if the defense were allowed to be asserted, it would not be a valid, dispositive defense to an unsigned, implied-in-fact

---

[2] The amended complaint refers to the *implied* covenant of good faith and fair dealing, but it does not use the word "implied" in outlining its breach of contract claim.

[3] The defendant would also assert the affirmative defense that an implied-in-fact contract is unenforceable because it is in violation of SEC Rule 206(4)-3 under the Investment Advisor Act of 1940. 17 C.F.R. § 275.206(4)-3(a). Because the statute of frauds defense may be the clearer of the two proposed defenses, the Court requests that the parties focus their attention on it. They may address the other if they wish.

contract. Any submission should be made by March 17, 2017. The defendant shall then have until March 24, 2017 to file a reply.

It is SO ORDERED.

 /s/ George A. O'Toole, Jr.
United States District Judge