UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 13-11739-GAO

JACKSON FINANCIAL SERVICES, LLC,
Plaintiff,

v.

CT MASON, INC. d/b/a/ MASON CAPITAL PARTNERS,
Defendant.

ORDER
March 31, 2017

O'TOOLE, D.J.

In response to this Court's March 10, 2017 Order (dkt. no. 181), the plaintiff, Jackson Financial Services, LLC ("JFS"), submitted a supplemental memorandum addressing the merits of the defendant's proposed affirmative defenses to the plaintiff's breach of an implied contract theory of liability (dkt. no. 184). The defendant, CT Mason, Inc. d/b/a Mason Capital Partners ("CTM"), filed a reply to that memorandum (dkt. no. 185), and JFS then filed a motion for leave to file a brief in response (dkt. no. 186). That motion is GRANTED, and the proposed brief included with that motion is deemed to have been a brief and was considered by the Court. The Court thanks the parties for their helpful submissions.

As foreshadowed by the March 10 Order, I now overrule the magistrate judge's recommendation (dkt. no. 151) that the defendant's motion to amend its answer to add the affirmative defenses that the alleged implied contract is unenforceable under Massachusetts General Laws Chapter 259, Section 7, and because it is in violation of Securities and Exchange Commission Rule 206(4)-3, be denied. CTM's Motion for Leave to File Its Amended Answer (dkt. no. 140) is GRANTED, and the defendant may file an amended answer asserting those defenses.

The plaintiff states that it would have conducted discovery directed at those issues if they had been asserted previously. Although discovery in the case has been extensive, I will reopen the discovery period for both sides for a period of two months for the limited purpose of developing facts related to the newly alleged affirmative defenses. The discovery deadline shall be set for May 31, 2017.

Because of the explicit assertion of the new affirmative defenses and the possibility of new evidence from discovery, it is likely that the parties' arguments concerning summary judgment in either direction will be altered from what has heretofore been presented. Accordingly, the currently pending cross motions for summary judgment (dkt. nos. 104, 108) are both DENIED without prejudice, subject to renewal after the close of the discovery period. The defendant's Motion for Leave to File a Reply in Support of Its Objections to the Magistrate's Report and Recommendation (dkt. no. 170) is MOOT.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
United States District Judge